UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No: 3:17-cv-00286-FDW-DSC

| | |
|---|---|
| VOIT TECHNOLOGIES, LLC, | ) |
| Plaintiff, | ) |
| v. | ) FINAL CONSENT JUDGMENT |
| DECORATIVE IRON OF NORTH CAROLINA, INC., | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the "Stipulation for Entry of Final Consent Judgment," (Doc. No. 14), filed by Plaintiff VOIT Technologies, LLC ("VOIT") and Defendant Decorative Iron of North Carolina, Inc. ("DINC") (VOIT and DINC together the "Parties").[1]

**WHEREAS**, VOIT filed its Complaint for Patent Infringement [DE 1] ("Complaint") in this Civil Action No. 3:17-cv-00286-FDW-DSC on May 26, 2017, alleging that DINC directly infringed upon its exclusive rights granted by United States Patent No. 6,226,412 B1 (the "'412 Patent")) in violation of 35 U.S.C. § 271;

**WHEREAS**, VOIT owns the '412 Patent;

**WHEREAS**, DINC admits that the '412 Patent is valid and enforceable;

**WHEREAS**, DINC admits the allegations set forth in the Complaint, including liability for infringing at least claims 1, 3-6, 8-10, 12, 13, and 17-23 of the '412 Patent;

---

[1] The Court notes the instant Final Consent Judgment does not contain counsel's signatures; however, the accompanying "Stipulation for Entry of Final Consent Judgment," signed by counsel for all parties makes clear "The Parties consent that the Final Consent Judgment in the form attached hereto may be filed and entered by the Court without further notice . . . ." (Doc. No. 14, p. 1, ¶ 2). Other than the addition of some administrative language by the Court, this Final Consent Judgment is identical to the form attached to the parties' Stipulation.

1

**WHEREAS**, the Parties agree that VOIT has been damaged by DINC's infringement of the '412 Patent;

**WHEREAS**, DINC admits that its infringement of the '412 Patent renders it liable to VOIT for a twenty-five percent (25%) reasonable royalty of the gross profits it obtained in connection with the infringing activity and VOIT's costs incurred in this litigation;

**WHEREAS**, DINC admits that it obtained a gross profit of $23,956.50 in connection with the infringing activity;

**WHEREAS**, the Parties agree that VOIT has incurred no less than $897.00 in recoverable costs in this litigation;

**WHEREAS**, the Parties consent to the entry of this Consent Judgment without trial or adjudication of any issue of fact or law and waives any appeal if the Consent Judgment is entered as submitted;

**WHEREAS**, the Parties acknowledge this Court has subject matter jurisdiction over this matter, personal jurisdiction over DINC, and that venue in this district is proper;

**WHEREAS**, the Parties consent to the Court retaining jurisdiction for the purpose of enabling the Parties to apply at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Consent Judgment, to enforce compliance, and to punish violations of its provisions.

**NOW THEREFORE**, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that is therefore **ORDERED, ADJUDGED, AND DECREED**:

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a) because it arises under the Patent Laws of the United States, including 35 U.S.C. §§ 1, *et seq.*

2. This Court has personal jurisdiction over DINC.

3. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

4. VOIT owns the '412 Patent.

5. The '412 Patent is valid and enforceable.

6. DINC infringing claims 1, 3-6, 8-10, 12, 13, and 17-23 of the '412 Patent.

7. VOIT has been damaged by DINC's infringement of the '412 Patent.

8. Within thirty (30) days of the entry of this Final Consent Judgment, DINC shall pay to VOIT a total amount of $6,886.13, determined as follows:

   A. $5,989.13 as a twenty-five percent (25%) reasonable royalty of the gross profits DINC obtained in connection with the infringing activity; and

   B. $897.00 for VOIT's costs incurred in this litigation.

9. Each Party shall bear its own attorneys' fees.

10. This Court shall retain jurisdiction for the purpose of enabling the Parties to apply at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Consent Judgment, to enforce compliance, and to punish violations of its provisions.

IT IS SO ORDERED.

Signed: October 19, 2017

Frank D. Whitney
Chief United States District Judge